UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY - 5 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Ernest Bernard Moore, Ph.D., )
)
      Plaintiff, )
)
v. )   Civil Action No. 11 1842
)
Carrie Jackson *et al.*, )
)
      Defendants. )

MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

The plaintiff is a prisoner at the Federal Correctional Institution in Terminal Island, California. He sues a Special Agent of the U.S. Department of Education's Office of the Inspector General for allegedly withholding exculpatory evidence during his criminal prosecution in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[1] However, only prosecutors are required to provide *Brady* material. *Id.* at 87 (holding "that the suppression *by the prosecution* of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment . . . .") (emphasis supplied); *see U.S. v. Jenrette*, 744

---

[1] The plaintiff also purports to sue a Special Agent of the Social Security Administration's Office of the Inspector General but he lists that defendant as "Jane Doe." Verified Complaint, Caption.

F.2d 817, 824 (D.C. Cir. 1984) ("*Brady* mandates that upon request the prosecution disclose any evidence favorable to an accused where that evidence is material either to guilt or to punishment.") (citation omitted). Because the listed defendants are not prosecutors, the plaintiff has failed to state a claim under *Brady* upon which relief may be granted.[2]

/s/ Reggie B. Walton
United States District Judge

Date: April 30, 2011

---

[2] A separate Order of dismissal accompanies this Memorandum Opinion.

2